UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL SHERWOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>JELD-WEN, INC., a Washington Corporation, and David Balles,<br><br>        Defendant(s). | NO. CV-04-3020-LRS<br><br>ORDER DENYING DEFENDANT'S PARTIAL SUMMARY JUDGMENT |

Before the Court is Defendant Jeld-Wen Inc.'s Expedited Motion for Extension of Dispositive Motion Deadline and Partial Summary Judgment on Affirmative Defense of Workers Compensation Preemption(Ct. Rec. 52), filed on April 1, 2005.

## DISCUSSION

Defendant asserts plaintiff previously represented that he was not a Jeld-Wen Employee, which caused defendant to withdraw its affirmative defense that Mr. Sherwood's claim is preempted by the workers compensation statute. Defendant states that for the first time, in his trial brief, plaintiff has admitted that he and Jeld-Wen had an employee-employer relationship at the time of the accident. Defendant argues that plaintiff's exclusive remedy is in workers compensation and his claims against defendant should be dismissed. In

ORDER ~ 1

the alternative, defendant states that it should be able to amend its proposed findings of facts and conclusions of law.  In particular, defendant argues it should be permitted to add the pre-emption defense, which it earlier withdrew based on plaintiff's representations that Mr. Sherwood was not an employee, to the issues of law contained in its trial brief.

Plaintiff argues that the evidence indicates that plaintiff did not "consent" to an employment relationship with Jeld-Wen.  Further, plaintiff responds that the cases cited in his trial brief do not amount to an admission that plaintiff was an "employee" for purposes of Industrial Insurance Act immunity.

Consent, both defendant and plaintiff acknowledge, is one of the two factors required for a finding that an employment relationship exists for purposes of workers compensation under Washington law.  Plaintiff states, in any event, issues of material fact exist with respect to consent and the employment status issue that make summary judgment inappropriate here.

The court has reviewed the file, the pending motion and briefing thereon, and is fully informed.  The court finds that genuine issues of material fact exist as to the employment status of plaintiff, thereby precluding partial summary judgment. Accordingly,

**IT IS ORDERED** that:

1.  Defendant's Motion for Summary Judgment, Ct. Rec. 52, filed on April 1, 2005, is **DENIED.**

///

///

ORDER ~ 2

2.   Defendant is, however, permitted to amend its proposed findings of facts and conclusions of law to include the affirmative defense of immunity under the Industrial Insurance Act.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this  15th  day of April, 2005.

                              s/Lonny R. Suko
                        _____
                              LONNY R. SUKO
                        United States District Judge

ORDER ~ 3